THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL M. RIVERA-SANTIAGO,

    Plaintiff,

v.

MIGUEL DE JESUS-RAMOS, et al.,

    Defendants.

Civil No. 23-1121 (ADC)

## OPINION AND ORDER

Pending before the Court is third-party defendant Dr. Miguel A. Román-Pagán's ("Dr. Román-Pagán" or third-party defendant) motion to dismiss the third-party complaint filed by third-party plaintiff Hospital Pavía Arecibo ("HPA") pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 23.**

I.    **Background**

On March 14, 2023, Migdalia Roa-Santiago, Linda Yaritza Santiago-Roa, Yaseline Santiago-Roa, Jonathan Santiago-Roa and María Viruet-Hernández ("plaintiffs") filed a medical malpractice complaint against HPA, Manatí Medical Center, and unknown insurance corporations under this Court's federal question jurisdiction, 28 U.S.C. § 1331. Among others, plaintiffs included a claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. **ECF No. 1** at 1. Although the complaint contains several allegations concerning Dr. Román-Pagán (including negligence), plaintiffs did not include him

as a named defendant. Instead, among other claims, plaintiffs alleged that HPA is "vicariously liable for… their respective medical and nursing staffs that intervened… as well as for their own negligence in the selection, monitoring, supervision and granting of privileges, to said physicians and nurse." **ECF No. 1** at 27. Dr. Román-Pagán is alleged to be a member of said staff.

HPA filed its responsive pleading on May 17, 2023. **ECF No. 9**. Several weeks later, HPA filed a motion for leave to file a third-party complaint against Dr. Román-Pagán "to respond for all or part of the claim that has been filed against the herein appearing party." **ECF No. 12** at 2. HPA logged its third-party complaint with leave of Court. **ECF Nos. 14, 15**.

On December 15, 2023, Dr. Román-Pagán moved to dismiss the third-party complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). **ECF No. 23**. In essence, Dr. Román-Pagán argues that individuals cannot be liable under EMTALA and that any tort claim against him was time-barred. *Id*.

HPA filed a response on December 28, 2023. **ECF No. 24**. Technically, HPA did not oppose Dr. Román-Pagán's motion to dismiss. *Id*. Instead, HPA argued that plaintiffs must assume the percentage of Dr. Román-Pagán's liability because they failed to toll the statute of limitations for tort claims against the joint tortfeasor. *Id*. Plaintiffs filed a response to both Dr. Román-Pagán's and HPA's motions. **ECF No. 25**. Dr. Román-Pagán replied. **ECF No. 30**.

## II.    Legal standard

It is well settled that in reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and

draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

The First Circuit established a two-prong test to evaluate "plausibility" under Fed. R. Civ. P. 12(b)(6). *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible "means something more than merely possible." *Id*. (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### III.    Discussion

#### A.    Tort claims

The argument for dismissal is centered on Puerto Rico substantive tort law. Dr. Román-Pagán and HPA argue that pursuant to recent Puerto Rico Supreme Court precedent, plaintiffs needed to either toll, or file suit within, the one-year statute of limitations against each co-tortfeasor in this medical malpractice case. **ECF No. 23**. They argue that the extrajudicial letter plaintiffs sent to HPA did not automatically toll the statute of limitation against Dr. Román-Pagán. *Id*. Among other reasons because the letter was not sent to Dr. Román-Pagán. Thus, they contend, there is no actionable claim against Dr. Román-Pagán. Under that premise, defendants argue that plaintiffs are also precluded from recovering any damages on account of Dr. Román-Pagán's negligence from any other tortfeasor on "solidarity" grounds.  Thus, they argue, any percentage of liability attributable to Dr. Román-Pagán must be ultimately assumed by plaintiffs if plaintiffs prevail. *Id*., 10-16. In support, Dr. Román-Pagán's relies on this Court's Opinion and Order in *Tonge v. Doctor's Center Hospital*, 531 F.Supp. 3d 505 (P.R. 2021). The Court disagrees.

In 2012, the Puerto Rico Supreme Court changed the landscape of tort litigation in the Island. *See Fraguada-Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365 (2012). It adopted the *in solidum* doctrine for actions under Puerto Rico's general tort statute. Pursuant to this doctrine, if

the Court finds that the facts present a case of "imperfect solidarity[,]"[1] then "the timely filing

of a complaint against an alleged joint tortfeasor does not toll the statute of limitations against

the rest of the alleged joint tortfeasors." *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812

F.3d 213, n.4 (1st Cir. 2016) (internal quotation marks omitted) (citing *Fraguada-Bonilla*).

As expected, this new legal framework required some finetuning. Thus, in 2016, the

Supreme Court explained some of the *Fraguada-Bonilla* effects in the context of third-party

contribution claims. Specifically, in *Maldonado-Rivera v. Suárez*, 195 D.P.R. 182 (P.R. 2016) the

Puerto Rico Supreme Court stated that "the sued co-defendants cannot, by means of a third-

party claim, file a contingent contribution claim against[]" a joint tortfeasor that was not sued

on time. *Id.*, (certified translations available at 18-1916(ADC), ECF No. 45-1).

This Court's Opinion and Order in *Tonge v. Doctor's Center Hospital*, 531 F.Supp. 3d 505

(2021), was entered on March 31, 2021 and relied on *Maldonado-Rivera,* the latest available

development from the Puerto Rico Supreme Court. However, several months later, on August

11, 2021, the Puerto Rico Supreme Court issued yet another Opinion on the subject, *Pérez-*

*Hernández v. Lares Medical Center, Inc.*, 207 D.P.R. 965, 2021 WL 3671987 (P.R.).[2]

In *Pérez-Hernández*, the Puerto Rico Supreme Court addressed the specific issue before

this Court, namely, if the "imperfect solidarity" doctrine adopted in *Fraguada-Bonilla* applied in

---

[1] "[P]eople who do not know each other, who are only accidental co-tortfeasors or when they have sporadic relationships." *Cruz-Cedeño v. HIMA San Pablo Bayamón*, 19-1477 (CVR), 2022 WL 17541923, at *4 (D.P.R. 2022)(citing *Fraguada-Bonilla* at 380.

[2] There is no official or unofficial certified translation of the Opinion available.

cases of "presumed" liability (sometimes referred to as "vicarious liability") under Articles 1803 and 1804 of the pre-2020 Puerto Rico Civil Code, repealed. In *Pérez-Hernández* , Puerto Rico's Highest Court decided it did not. It held that courts need not reduce the amount of damages awarded against an employer for the negligent acts of a non-party employee. In reaching that determination, it reasoned that unlike cases under Article 1802 where tortfeasors may not know each other, in Article 1803 cases the employer knows and has a contractual relationship with its employees.

For some reason, the parties failed to develop any meaningful argument under *Pérez-Hernández*. The only discussion about this recent Opinion was included in a single paragraph in Dr. Román-Pagán's reply. **ECF No. 30** at 9. Dr. Román-Pagán argued that *Pérez-Hernández* "is inapplicable to the instant case as Dr. Román is (a) not a defendant, (b) not an employee of HPA and, (c) no claims of employer-employee or perfect solidarity have been alleged in the Complaint or Third-Party Complaint." *Id*. Dr. Román-Pagán did not develop any argument under any of these points. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). Thus, pursuant to Local Civil Rule 7, the Court rejects his argument as undeveloped. But even if the Court decided to address each of these three arguments, Dr. Román-Pagán's request fails.

The Court fails to see how any these three arguments, even if true, create distance between this case *Pérez-Hernández*. Like the case at bar, the plaintiffs in *Pérez-Hernández* did not

include a tortfeasor physician as a defendant. The physician became a named party only when the hospital filed a third-party complaint against her three years after the original complaint was filed. Second, even if plaintiffs did not use the word "employee," the complaint does allege that Dr. Román-Pagán was consulted by HPA's staff and that he participated in the chain of events that caused the alleged damages. More importantly, plaintiffs assert that he participated in his capacity as HPA's consultant. Since the case is not at a summary judgment stage and no document incorporated to the complaint shows otherwise, the Court cannot grant Dr. Román-Pagán's motion based on his word. Finally, plaintiffs did include allegations under Article 1803 of the Civil Code, which, according to *Pérez-Hernández*, activates the gears of perfect solidarity. Therefore, there is no reason not to apply *Pérez-Hernández* to this case.

Plaintiffs did not cite *Pérez-Hernández* in their response, but they did raise arguments similar to the ones that underpin *Pérez-Hernández*'s holding. **ECF No. 25** at 4. Moreover, although succinctly, plaintiffs did raise an argument under another line of cases from the Puerto Rico Supreme Court that leads to the same conclusion.

Plaintiffs posited that they went to the hospital for treatment. Thus, their argument goes, the hospital is responsible for the actions of the physician the hospital assigns to the case. Indeed, under Puerto Rico law, courts must "pinpoint[] who did the patient--first and foremost--entrust with his health: the hospital or the physician." *Marquéz-Vega v. Martínez-Rosado*, 16 P.R. Offic. Trans. 487, 496 (P.R. 1985)(citing *Grewe v. Mt. Clemens General Hospital,* 273 N.W.2d 429 (Mich. 1978)). "[W]hen a person goes directly to a hospital for medical treatment and the hospital

'provides' the physicians who treat him, we favor the joint liability of hospital and private physician for the act of malpractice." *Id*. Of particular importance to the case at bar, if the person "goes directly to the hospital[,]" "it makes no difference whether the attending physician is a hospital employee or not…. Or a physician belonging to the hospital staff and called in for consultation to treat the patient." *Marquéz-Vega v. Martínez-Rosado*, 16 P.R. Offic. Trans. at 497; *see also Casillas-Sánchez v. Ryder Memorial Hosp., Inc.*, 960 F.Supp.2d 362, 366 (D.P.R. 2013)(explaining that this apparent agency doctrine expands liability beyond Article 1803: "although historically a hospital's liability was based on the vicarious liability doctrine in Puerto Rico and extended to a hospital's employees… the Supreme Court of Puerto Rico has made clear that the doctrine has expanded to situations where a patient seeks medical aid directly from a hospital and the hospital provides the treating physician—regardless of the physician's employment relationship with the hospital."); *Morales v. Monagas*, 723 F.Supp.2d 416, 419 (D.P.R. 2010); *Rodríguez on behalf of P.V.M. v. Mennonite General Hospital, Inc.*, 21-1286 (GMM), 2023 WL 3902717, at *6 (D.P.R. 2023).[3] Thus, Dr. Román-Pagán's arguments would also fail under this so-called apparent agency doctrine.

In light of the above, Dr. Román-Pagán's and HPA's request for dismissal of tort claims related to the acts or omissions of Dr. Román-Pagán are unavailing.

---

[3] The parties did not question if the recent opinions in *Fraguada-Bonilla* or *Pérez-Hernández* had any impact on this line of cases. Thus, the Court need not second guess its applicability or try to figure out the interplay between the post-*Fraguada-Bonilla* cases and the above cited caselaw, if any.

### B.     EMTALA

EMTALA's civil enforcement provisions are not actionable against individual physicians. *See* 42 U.S.C. § 1395dd(d)(2)(A). *Pujol–Álvarez v. Grupo HIMA–San Pablo, Inc.*, 249 F.Supp.3d 591, 597–98 (D.P.R. 2017)("This proposition finds abundant support in federal case law, including from this district, although the First Circuit Court of Appeals has not pronounced itself on the issue.")(collecting cases)); *see also Batista-Acevedo v. Presbyterian Community Hospital, Inc.*, 22-1468 (MAJ), 2023 WL 6976567, at *4 (D.P.R. 2023). Therefore, all and any claims against Dr. Román-Pagán under EMTALA for contribution or otherwise must be dismissed with prejudice.

### IV.    Conclusion

Accordingly, the motion to dismiss at **ECF No. 23** is **GRANTED IN PART AND DENIED IN PART.** All claims against Dr. Román-Pagán under EMTALA are dismissed with prejudice.

HPA is ordered to submit a certified translation of *Pérez-Hernández* pursuant to Local Civil Rule 5 within 30 days from the issuance of this order to comply.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of June 2024.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**